IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § |
| Plaintiff, | § § |
| v. | § § |
| REGENCY NURSING CENTER PARTNERS OF PEARSALL, LTD., D/B/A PEARSALL NURSING AND REHABILITATION, INC., | § § § § |
| Defendant. | § § |

SA09CA0775 FB

Civil Action No.

**COMPLAINT**

**JURY TRIAL DEMAND**

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of both race, Black, and retaliation, and to provide appropriate relief to Stephanie Roberts and Darla Friesenhahn, who were adversely affected by such practices. The Equal Employment Opportunity Commission (the "Commission") alleges that Defendant, Regency Nursing Center Partners of Pearsall, Ltd., d/b/a Pearsall Nursing and Rehabilitation, Inc. ("Pearsall"), discriminated against Stephanie Roberts by subjecting her to racial harassment sufficient to create a hostile work environment, and by terminating her in retaliation for engaging in a statutorily protected activity in violation of Title VII. The Commission also alleges that Defendant Pearsall retaliated against Darla Friesenhahn by discharging her for complaining of the discriminatory treatment of Ms. Roberts in violation of Section 704(a) of Title VII.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f) (1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, San Antonio Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Pearsall, has continuously been a Limited Partnership and a Texas corporation doing business in the State of Texas and the City of Pearsall, and has continuously had at least 15 employees.

5. At all relevant times, Defendant, Pearsall, has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Stephanie Roberts filed a charge with the Commission alleging violations of Title VII by Defendant, Pearsall. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least November 2007, Defendant, Pearsall engaged in unlawful employment practices at its Pearsall, Texas facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a), by subjecting Stephanie Roberts to a hostile work environment based on her race (Black), through racial slurs, racially derogatory comments, and other demeaning

comments and conduct directed at Stephanie Roberts on a regular basis, which Defendant, Pearsall failed to take prompt and effective action to correct. Defendant Pearsall then retaliated against Stephanie Roberts by discharging her for complaining of this discriminatory treatment in violation of Section 704(a) of Title VII. Defendant, Pearsall also retaliated against Darla Friesenhahn by discharging her for complaining of the discriminatory treatment of Ms. Roberts in violation of Section 704(a) of Title VII.

8. The effect of the practices complained of in Para. No. 7 has been to deprive Stephanie Roberts and Darla Friesenhahn of equal employment opportunities and to otherwise adversely affect their status as employees because of Ms. Roberts' race (Black), and/or because they complained of Defendant, Pearsall's discriminatory practices and conduct.

9. The unlawful employment practices complained of in Para. No. 7 above were intentional.

10. The unlawful employment practices complained of in Para. No. 7 above were done with malice or with reckless indifference to the federally protected rights of Stephanie Roberts and Darla Friesenhahn.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, Pearsall, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which facilitates, condones, or encourages a hostile work environment based on race (Black), and any other employment practice which discriminates on the basis of race;

B. Grant a permanent injunction enjoining Defendant, Pearsall, its officers, agents,

servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any form of retaliation for conduct protected by Title VII;

C. Order Defendant, Pearsall, to institute and carry out policies, practices, and programs which provide equal employment opportunities for Blacks and those who engage in statutorily protected activity, and which eradicate the effects of its past and present unlawful employment practices;

D. Order Defendant, Pearsall, to make whole Stephanie Roberts and Darla Friesenhahn, by providing appropriate back pay with prejudgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement, or front pay in lieu thereof;

E. Order Defendant, Pearsall, to make whole Stephanie Roberts and Darla Friesenhahn, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Para. No. 7 above, including, but not limited to, relocation expenses, job search expenses, and medical expenses, in an amount to be determined at trial;

F. Order Defendant, Pearsall, to make whole Stephanie Roberts and Darla Friesenhahn, by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices complained of in Para. No. 7 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in an amount to determined at trial;

G. Order Defendant, Pearsall, to pay Stephanie Roberts and Darla Friesenhahn punitive damages for engaging in discriminatory practices with malice or reckless indifference described in Para. No. 7 above, in an amount to be determined at trial;

H.    Grant such further relief as the Court deems necessary and proper in the public interest; and

I.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


_____
ROBERT A. CANINO w/permission
Regional Attorney
Oklahoma State Bar No. 011782


_____
JUDITH G. TAYLOR
Supervisory Trial Attorney
Texas State Bar No. 19708300
E-mail: judith.taylor@eeoc.gov


EDWARD JUAREZ
Senior Trial Attorney
Texas Bar No. 24014498
E-mail: eduardo.juarez@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200

San Antonio, Texas 78229-3555
Telephone: (210) 281-7613
Facsimile: (210) 281-7669

**ATTORNEYS FOR PLAINTIFF**